**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**XAVIER REDUS**                                                                                    **PLAINTIFF**
**ADC # 108610**

**V.**                            **NO. 2:09CV00033-JMM/BD**

**GREG HARMON,** *et al.*                                                                      **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.       **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge James M. Moody. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If an objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A-149
> Little Rock, AR 72201-3325

**II.     Background:**

Plaintiff, who is incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"), filed a *pro se* Complaint (docket entry #2) under 42 U.S.C. §1983, along with an Application for Leave to Proceed *In Forma Pauperis* (#1). The Court previously allowed Plaintiff to proceed *in forma pauperis*, but ordered Plaintiff to file an Amended Complaint in this matter specifically explaining his constitutional claims (#3). Plaintiff now has filed an Amended Complaint (#5). For the following reasons, the Court recommends that Plaintiff's claims be DISMISSED with prejudice.

**III.    Discussion:**

Plaintiff alleges that on June 30, 2008, Officer Mayers, not a party Defendant in this lawsuit, conducted a shake down of his unit. During that shake down, Officer Mayers allegedly confiscated thirty-four of Plaintiff's family photographs. Plaintiff claims that Officer Mayers gave these photographs to Officer Westbrook, the property room supervisor, so that the photographs could be mailed to his family members. Plaintiff claims that these photographs were never returned and were never received by his family members. Plaintiff names Warden Harmon, Officer Westbrook, Officer

Walton, Officer Dover, Officer Wilson, Larry Norris, Ray Hobbs, as well as the EARU and the ADC as Defendants.[1]

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. In this case, Plaintiff alleges that he was deprived of family photographs, which are considered personal property.

In *Hudson v. Palmer*, 468 U.S. 517, 529-30, 104 S.Ct. 3194 (1984), the United States Supreme Court held that when a state actor deprives a person of personal property, the person does not have a due process claim if state law provides an adequate post-deprivation remedy. The State of Arkansas provides such a remedy through the Arkansas Claims Commission. See ARK. CODE ANN. § 19-10-204(a) (vesting the Arkansas State Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions"). Accordingly, Plaintiff has not presented a cognizable due process claim.[2]

---

[1] The Court recognizes that the EARU and the ADC are not persons that may be sued under § 1983. *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004) (per curiam). However, because the Court finds that Plaintiff has failed to state a colorable § 1983 claim, a further discussion of this issue is not included in this Recommended Disposition.

[2] In Plaintiff's original Complaint, he explains that he filed a case before the State Claims Commission and that the case was dismissed. Accordingly, Plaintiff's claims also may be barred by *res judicata*. The Eighth Circuit has held that when an administrative agency acts in a judicial capacity to resolve disputed issues of fact properly before it,

Further, Plaintiff seems to claim that his First Amendment rights have been violated based upon his freedom to access the mail. Inmates have a First Amendment right of free speech to send and receive mail. See *Hudson v. Palmer*, 468 U.S. 517, 547, 104 S.Ct. 3194 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125, 97 S.Ct. 2532 (1977). However, "[t]he First Amendment does not compel prison officials to provide indigent prisoners with unlimited free postage and materials for non-legal mail." *Van Poyck v. Singletary*, 106 F.3d 1558, 1159-1560 (11th Cir. 1997).

Here, Plaintiff does not allege that Defendants denied him paper, writing instruments, or postage. Further, he does not appear to challenge any ADC restriction on what type of mail he could send or receive. At most, Plaintiff seems to allege that Defendant Westbrook, as property room supervisor, acted negligently in the handling of Plaintiff's photographs. "Mere negligence [is] insufficient to rise to a constitutional violation." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997).

---

which the parties have had an opportunity to litigate, the principles of *res judicata* apply to bar further claims by the parties or their privies based on the same cause of action. *Price v. Harris*, 722 F.2d 427, 428 (8th Cir. 1983); *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981). Because Plaintiff did not include any description of the resolution of his case before the State Claims Commission in his Amended Complaint, the Court cannot say for certain that Plaintiff's claims are barred by *res judicata*.

**IV.    Conclusion:**

The Court recommends that Plaintiff's claims be DISMISSED with prejudice. In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 21st day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE